# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PAMELA WEAVER,**

                  **Plaintiff,**

**-vs-**                                              **Case No. 6:06-cv-814-Orl-18JGG**

**COMMISSIONER OF SOCIAL SECURITY,**

                  **Defendant.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (Doc. No. 5)** |
| **FILED:** | **October 10, 2006** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

I.   **BACKGROUND**

    Plaintiff, Pamela Weaver, previously appealed to the district court the Commissioner of Social Security's denial of her application for Disability Insurance Benefits, which the district court remanded to the Commissioner for further review. Docket 5 at 2; Docket 9 at 2. Following the court's remand, an Administrative Law Judge (ALJ) issued an unfavorable decision on February 9, 2006. Docket 5-2 at 4. The ALJ's Notice of Decision informed Weaver that she may appeal to the

Appeals Council ("AC") if she disagreed with the decision, and that her written exceptions to the decision must be filed within 30 days from her receipt of the notice. *Id*.

On March 20, 2006, the AC received Weaver's Request for Review of Hearing Decision. Docket 5-2 at 15. The AC apparently has taken no action on Weaver's Request for Review. See Docket 5-2, Declaration of John J. Timlin. Weaver then filed her action in District Court on June 14, 2006.

The Commissioner moves to dismiss or, in the alternative, for summary judgment on the grounds that Weaver has not exhausted her administrative remedies. Weaver opposes the motion.

II.     **THE LAW**

    A.     **Motion to Dismiss**

Federal Rule of Civil Procedure 12(b) allows a civil defendant to assert certain defenses to a complaint either in a responsive pleading or in a separate motion, at the defendant's option. Rule 12(b) lists the following possible defenses:

> (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.

Rule 12(b) further provides as follows with respect to the defense of failure of the complaint to state a claim:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 56(b) provides that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

    B.    **Standard of Review on Summary Judgment**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Jeffery v. Sarasota White Sox*, 64 F.3d 590, 593-94 (11th Cir. 1995); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). A moving party discharges its burden on a motion for summary judgment by showing the Court that there is an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *Id*. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial. *Id*. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman*, 873 F.2d 256 (11th Cir. 1989);

<mark>Case 6:06-cv-00814-GKS-JGG   Document 13   Filed 12/13/06   Page 4 of 9 PageID 57</mark>

*Samples on behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). The Eleventh Circuit has explained the reasonableness standard:

> in deciding whether an inference is reasonable, the Court must "cull the universe of possible inferences from the facts established by weighing each against the abstract standard of reasonableness." [citation omitted]. The opposing party's inferences need not be more probable than those inferences in favor of the movant to create a factual dispute, so long as they reasonably may be drawn from the facts. When more than one inference reasonably can be drawn, it is for the trier of fact to determine the proper one.

*Jeffery v. Sarasota White Sox*, 64 F.3d 590, 594 (11th Cir. 1995), *quoting WSB-TV v. Lee*, 842 F.2d 1266, 1270 (11th Cir. 1988).

Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron & Steel Works v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. On a summary judgment motion the Court may not weigh the credibility of the parties. *See Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1531 (11th Cir. 1987). If the determination of the case rests on which competing version of the facts or events is true, the case should be presented to the trier of fact. *Id.*

<mark>-4-</mark>

C.     **Judicial Review of Social Security Benefits Decisions**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only those powers authorized by the Constitution and statute. Courts must presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

This Court's jurisdiction to review decisions of the Commissioner is governed by 42 U.S.C. § 405, which provides in pertinent part that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) provides the sole avenue for judicial review of denials of Social Security claims, as Section 405(h)[1] precludes other bases of jurisdiction, such as federal-question jurisdiction. *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976).

The term "final decision of the Commissioner" is not statutorily defined, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). In general, the regulations provide that a claimant must complete an administrative review process to obtain a judicially reviewable final decision. *Schweiker v. Chilicky*, U.S. 412, 424 (1988); see also 20 C.F.R. § 404.900(a)(5) (2006) ("When you completed the steps of the administrative review process . . . we will have made our final decision"). If the claimant does not pursue administrative

---

[1] 42 U.S.C. § 405(h) provides, in pertinent part, that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

appeal rights, the administrative determination or decision becomes binding. See 20 C.F.R. 404.905, 404.921, 404.955, 404.981.2. If the claimant pursues administrative appeal rights, the final decision then becomes the decision by the AC, or (2) notice from the AC that it is denying the claimant's request for review. See 20 C.F.R. §§ 404.981, 422.210. Prior to obtaining a "final decision," an individual must first file an application and receive an initial determination. 20 C.F.R. § 404.902. If dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, he may request that the AC review the decision. 20 C.F.R. § 404.967. The AC may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The AC may also grant the request for review and issue its own decision. *Id.* In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the AC 's action. *Id.*; *see also,* 20 C.F.R. § 422.210.

When a federal court remands a case to the Commissioner for further consideration, the AC may make a decision or remand the case to an ALJ with instructions to take action and issue a decision. 20 C.F.R. § 404.983. An ALJ's decision after a federal court remand will become the final decision of the Commissioner after remand, unless the AC assumes jurisdiction of the case. 20 C.F.R. § 404.984(a). The AC may assume jurisdiction in one of two ways: 1) the claimant files written exceptions to an ALJ's decision with the AC, or 2) the AC decides to assume jurisdiction within 60 days after the date of the ALJ's decision. *Id.*

When written exceptions are timely filed, the AC will consider the claimant's reasons for disagreeing with the ALJ's decision. 20 C.F.R. § 404.984(b)(2). If the AC concludes that there is no reason to change the ALJ's decision, it will issue a notice to the claimant addressing the exceptions and explaining why no change in the ALJ's decision is warranted. *Id*. In such instances, the ALJ's decision is the final decision of the Commissioner after remand. *Id*. If written exceptions are filed, and the AC assumes jurisdiction, it will either remand the case to an ALJ for further proceedings, or the AC will make a new, independent decision based on its consideration of the entire record. 20 C.F.R. § 404.984(b)(3). The AC's new decision would then be the final decision of the Commissioner after remand. *Id*.

III.   **ANALYSIS**

The Commissioner contends Weaver has not exhausted her administrative remedies because she filed a request for review with the AC, and the AC has not yet issued its decision. The Commissioner, therefore, argues that this Court lacks jurisdiction because there is no final decision to review as required by Section 405(g). Weaver argues that the AC never assumed jurisdiction over her request for review because: 1) Weaver's filing with the AC was untimely, and 2) the AC has not affirmatively assumed jurisdiction. Docket 9 at 3-4. Weaver argues that the ALJ's decision after remand is the final decision pursuant to 20 C.F.R. § 404.984(d).

Weaver's argument is unsupported by the plain language of the applicable regulations. The regulations provide that the AC "will consider" written exceptions that are timely filed. 20 C.F.R. § 404.984(b)(2). The regulations further provide that "when you file written exceptions to the decision of the administrative law judge, the [AC] may assume jurisdiction at any time, even after the 60-day period which applies when you do not file exceptions." 20 C.F.R. § 404.984(b)(3). Reading

these two provisions together, it is clear that subdivision (b)(2) guarantees the AC will consider timely filed exceptions, while subdivision (b)(3) provides the AC with discretion to consider untimely filed exceptions. Once a claimant files written exceptions, the AC may assume jurisdiction "at any time." The ALJ decision becomes the final decision only if "no exceptions are filed and the [AC] does not assume jurisdiction." 20 C.F.R. § 404.984(d).

There is no final decision at this time because Weaver filed written exceptions with the AC. 20 C.F.R. § 404.984(d). Even though Weaver's exceptions were received after the 30-day deadline which guarantees the AC's consideration, the AC now has discretionary authority to assume jurisdiction at any time. 20 C.F.R. § 404.984(b)(3).[2] This Court, therefore, lacks jurisdiction over Weaver's case.

**IT IS, THEREFORE, RECOMMENDED THAT:**

1. Defendant's motion to dismiss or, in the alternative for summary judgment be **GRANTED**.

2. The Court direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

---

[2] As the regulation gives the AC an unlimited period of time to assume jurisdiction, the Court perceives the possibility of an implied waiver of the AC's jurisdiction if the AC fails to assume jurisdiction within a reasonable period of time. The Court, however, is not presented with that question currently.

Recommended in Orlando, Florida on December 13, 2006.

/s/ James G. Glazebrook
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp